UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEXANDER FAULKNER,

    Defendant.

Case No. 14-cr-5 (JNE/TNL) (1)
ORDER

Defendant Alexander Faulkner filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. For the reasons set forth below, that motion is denied.

## BACKGROUND

In May 2015, a jury found Faulkner guilty on two counts of being a felon in possession of firearms and ammunition as an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). At sentencing, the Court determined that Faulkner was an armed career criminal within the meaning of the Armed Career Criminal Act ("ACCA") because he had four qualifying predicate offenses in his criminal history: a 1982 attempted burglary in Illinois, a 1984 burglary in Indiana, and two 1996 federal drug offenses. Faulkner was given a sentence of 280 months on each count, to run concurrently.

In sentencing-related position papers and at the sentencing hearing, Faulkner did not challenge the 1984 burglary as an ACCA predicate. He did challenge the other three predicates, however, and pursued those arguments before the Eighth Circuit Court of Appeals. During that appeal process, the Government conceded that the 1982 burglary no longer qualified as an ACCA offense because of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct.

2551 (2015). The Eighth Circuit affirmed the sentence on the basis of the three remaining predicate felonies. Faulkner now argues that the 1984 burglary is not a qualifying offense.

## DISCUSSION

Faulkner advances two main arguments in support of his position. First, he contends that his 1984 burglary conviction is no longer a valid predicate offense because of the Supreme Court's holding in *Johnson*. Second, he argues that if the 1984 conviction survives *Johnson*, it is still invalid because Indiana's burglary law is too broad to qualify as generic burglary, thereby falling outside of the ACCA.

### A. Procedural Default

As a threshold matter, the Court first addresses the fact that Faulkner's claim regarding his 1984 burglary is procedurally defaulted. The Government rightly contends that Faulkner's failure to raise this issue at trial or on direct appeal creates a procedural default. *See, e.g., Lindsey v. United States*, 615 F.3d 998, 1000 (8th Cir. 2010). However, as Faulkner argues – and as the Government acknowledges in its November 27, 2017 response brief – there is a miscarriage-of-justice exception to the procedural default rule when a sentence is shown to be in excess of that authorized by law. *See Sun Bear v. United States,* 644 F. 3d. 700, 704 (8th Cir. 2011) ("[A] miscarriage of justice cognizable under § 2255 occurs when the sentence is in excess of that authorized by law."). Here, should Faulkner's 1984 conviction be shown to be an invalid ACCA predicate offense, his 280-month sentence would be greater than authorized by law, because the statutory maximum for Faulkner's two felon-in-possession counts would be 240 months.[1]

---

[1] The Government argues that even if Faulkner's 1984 burglary conviction is found to be a non-qualifying predicate, his 280-month sentence would still be authorized by law if the Court were to reimpose his sentence for the two remaining counts as consecutive terms. *See Olten v. United States,* 565 F. App'x 558, 561 (8th Cir. 2014). The Government apparently arrives at this conclusion by adding two felony-in-possession convictions (each carrying a 120-month

Therefore, the Court evaluates Faulkner's procedurally defaulted claim on the merits to determine if his sentence is unauthorized by law, which in turn would trigger the miscarriage-of-justice exception.

### B. Residual Clause Argument

Faulkner first argues that if the inclusion of his 1984 burglary as a predicate offense was based on the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), that conviction is no longer valid for ACCA purposes because of the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). This argument fails, however, because the basis for including this conviction was not the residual clause of § 924(e)(2)(B)(ii). Instead, it was the first clause of that provision – the "enumerated offense" clause – which specifically lists burglary as a predicate offense.

Faulkner is correct that at sentencing, the Court never explicitly stated the basis for including the 1984 offense as a predicate. However, there was no occasion for the Court to provide such a basis because Faulkner expressly stated that he did not have an objection to the inclusion of this conviction as a predicate. *See Fletcher v. United States*, 858 F.3d 501, 504 (8th Cir. 2017). Moreover, the fact that Faulkner objected to his *1982* conviction on residual clause grounds, while remaining silent as to his *1984* conviction, further reinforces the fact that both Faulkner and the Court understood that his 1984 conviction would count as a predicate based on the enumerated offense clause – not the residual clause – of § 924(e)(2)(B)(ii). Accordingly, Faulkner's residual clause argument fails.

---

maximum without ACCA enhancement) to Faulkner's 51-month sentence for violating his federal supervised release. But Faulkner's supervised release sentence was not part of the same judgment as his felon-in-possession sentence. *See* ECF No. 145. Thus the Government's calculation is in error, and the removal of Faulkner's third ACCA-qualified offense would bring his maximum allowable sentence below 280 months.

### C. Enumerated Offense Clause Arguments

Faulkner next argues that even if the Court relied on the enumerated offense clause of § 924(e)(2)(B)(ii) to qualify his 1984 burglary, his sentence should still be vacated. Faulkner bases this argument on the well-established principle that a prior conviction only qualifies as an ACCA predicate offense if "its elements are the same as, or narrower than, those of the generic offense." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). Generic burglary for the purposes of the ACCA has the basic elements of "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598-99 (1990). Faulkner argues that his 1984 conviction for Class C burglary under Indiana code § 35-43-2-1 cannot be an ACCA predicate because the Indiana statute defines "burglary" more broadly than generic burglary. That statute, at the time of Faulkner's conviction, provided: "A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony." Ind. Code § 35-43-2-1 (1982).

Faulkner seeks to support his overbreadth position on three grounds. First, he argues that "building or structure" is broader in Indiana's burglary statute than in generic burglary. Second, he contends that the Indiana law allows for intent to be formed while inside the building or structure. And third, he argues that "dwelling" in the Indiana statute includes structures not included in generic burglary. None of these arguments succeed.

### (1) "Building or Structure"

Faulkner first contends that the Indiana burglary offense is broader than generic burglary because its locational element, "building or structure," has been interpreted as including fenced-in areas. He cites to several state cases to support this claim. But the Seventh Circuit recently

rejected the very argument that Faulkner attempts to make. In *United States v. Perry*, 862 F.3d 620, 622 (7th Cir. 2017), the court found that the Indiana definition of burglary was "nearly identical to that of 'generic' burglary." In so doing, the *Perry* court emphasized that the same Indiana state court cases relied upon by Faulkner involved burglaries where the defendant entered a "*wholly* enclosed area," *id.* at 623, not a partially enclosed area, such as a three-sided fence. In other words, the Indiana statute does not encompass unenclosed or partially enclosed structures in a way that would make it broader than from generic burglary.

The Court is persuaded by the Seventh Circuit's analysis. The state cases relied upon by Faulkner do not suggest that Indiana's burglary statute is broader than generic burglary. And insofar as the Seventh Circuit has "greater familiarity with [Indiana] law," s*ee United States v. Lamb*, 847 F.3d 928, 933 (8th Cir. 2017), the Court is satisfied that *Perry* should be followed in this case. Accordingly, Faulkner's location-based argument fails.

### (2) "Intent"

Faulkner next proposes that the Indiana statute is broader than generic burglary because Indiana would convict someone who forms the intent to commit a felony *while in* the building or structure, as opposed to limiting conviction to someone who has that intent at the time of entry. Faulkner reaches this conclusion through a tortured reading of the phrase "with intent to commit a felony in it." That phrase clearly means that a person's intent is to *commit* the felony in the building or structure – not, as Faulkner suggests, that the *intent* can be formed in the building or structure. Notably, Faulkner cites no Indiana case law supporting his strained interpretation, while the Government cites law supporting the view that Indiana's intent element matches that of generic burglary. *See, e.g., Baker v. State*, 968 N.E.2d 227, 229-30 (Ind. 2012) (referring to "a

burglar's intent to commit a specific felony at the time of the breaking and entering"). The Court is therefore wholly unpersuaded by Faulkner's intent argument.

### (3) "Dwelling"

Faulkner's third and final overbreadth argument centers on the word "dwelling" in the Indiana burglary statute. He contends that because the definition of "dwelling" in § 35-41-1-2 includes "movable" structures, the statute is too broad to qualify as generic burglary. This argument fails for two reasons.

First, the word "dwelling" in § 35-41-1-2 appears only in the context of Class B burglary ("the offense is a Class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling. . ."). But Faulkner was not convicted of Class B burglary. He was convicted of Class C burglary, which contains no reference to a "dwelling" in § 35-41-1-2. The ACCA enhancement provision applies only to offenses for which a person was convicted. Therefore, any arguments Faulkner makes that relate to Class B burglary are misplaced.

Second, the Seventh Circuit recently addressed the question of whether "dwelling" in § 35-41-1-2 was broader than a generic "building or structure" and concluded that it was not. In *United States v. Foster*, 877 F.3d 343, 345 (7th. Cir. 2017), the court found that the proper interpretation of the Class B language in question is that "dwelling" actually *narrows* the statute by adding an additional element – that the building or structure must be a dwelling – to the existing requirements. Therefore, insofar as Class C burglary under § 35-41-1-2 comprises generic burglary – as the Seventh Circuit had established several months earlier in *Perry* – it follows that any burglary that is narrower than Class C burglary is also generic. Accordingly, even if Faulkner were somehow able to connect the use of the word "dwelling" to the crime for

6

which he was convicted (Class C burglary), his overbreadth argument would still fail for the reason identified by the Seventh Circuit in *Foster*.

### D. Certificate of Appealability

To obtain a certificate of appealability, Faulkner must show "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the Court is unpersuaded by Faulkner's arguments for the reasons discussed above, the Court also recognizes that the Seventh Circuit's decisions in *Perry* and *Foster* are not binding precedent. Accordingly, a certificate of appealability under these circumstances is appropriate.

### CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Alexander Faulkner's Motion to Vacate Under 28 U.S.C. § 2255 [ECF No. 165] is DENIED.

2. Pursuant to 28 U.S.C. § 2253(a), the Court GRANTS a certificate of appealability as to whether Faulkner's 1984 Indiana burglary conviction qualifies as an ACCA predicate.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 19, 2018                                       **s/ Joan N. Ericksen**
                                                            JOAN N. ERICKSEN
                                                            United States District Judge